Nash, C. J.
 

 The 4th exception disposes of this case for the present; the others have not been taken into consideration by us. The defendant had leased the premises in question, from the lessor of the plaintiff, for one year. At the end of his term he refused to deliver up the possession, upon the ground, that in the meantime, since the lease commenced, an execution against the lessor had been levied on the land, and that he had purchased it at the sale, and produced a sheriff’s deed for it. Upon the subject of the sale, the facts were : the defendant, before the day of sale, placed in the hands of the sheriff, money to purchase the land, and requested him to buy it for him. This the sheriff did, the defendant not being present. The question is, did the defendant acquire any title under the sheriff’s deed
 
 %
 
 We have no hesitation in saying
 
 he did not.
 

 The office of sheriff is one of high antiquity—coeval with civil society—of high dignity and of great importance to the community. This officer is clothed with large powers, and exercises them under severe responsibilities; and while the law protects him in the due discharge of his duties, it holds him to severe accountability. Being the servant of the public, he should be impartial and just to all in exercising his powers. When an execution comes to his hands, he is the agent of the law to execute its commands, and when he levies it on property, and takes it into his possession, he is the trustee of the parties, or stands in that relation to them ; as such, he has no power to buy in the property after being put up to sale. Hill on Trustees, 480. Neither can he retain the goods to 1ns own use, on satisfying the plaintiff out of his own money, 1 Lutw. 589. Nor can he deliver them to the plaintiff,
 
 *89
 
 in satisfaction of his debt.
 
 Thompson
 
 v. Clerk, Cro. Eliz. 504. Watson on Sheriffs, 7 Law Lib. 189. The above doctrine has been recognised in this State since 1791,
 
 Anonymous,
 
 1 Ilayw. Rep. 2. See
 
 Ormond
 
 v.
 
 Faircloth,
 
 Con. Rep. 530, and 1 Murph. 35, and
 
 Gordon
 
 v.
 
 Findlay,
 
 3 Hawks’ Rep. 239. In the case in 1st Hayw., Spencer, Justice, said it was a misdemeanor for a sheriff to purchase at his own sale, and he ought to be indicted. Lord Eldon, in
 
 ex pa/rte Bennett,
 
 10th Yesey, p. 394, gives the true reason of the rule wo are discussing. He says it is, that it would not be safe, with reference to the administration of justice in the general affairs of trust, that a trustee should be permitted to purchase; for human infirmity will, in very few instances, permit a man to exert against himself that providence, which a vendor ought to exert in order to sell to the best advantage, and which a purchaser is at liberty to exert for himself, in order to purchase at the lowest price. In other words, as it is the duty of a sheriff, or trustee, so to conduct the sale as to make the property bring the highest price, he shall not be purchaser, because it is the interest of the purchaser to get the property at the lowest price. Let the doctrine be established, that an officer, conducting an execution sale, may legally purchase, and what security would the defendant in the execution liaA-e of a fair sale ? Competition is said to be the life of a public sale. If the sheriff can close the sale just Avhen he pleases, the defendant aaúII be at his mercy.
 

 It has been held, and such is the larv, that a sheriff is bound to sell, if there be but a single bidder.
 
 State
 
 v.
 
 Joyce,
 
 1 Hayw. Rep. 43. The sheriff would always be there and of course one bidder. The danger of the principle might be illustrated by a variety of instances. If it be illegal then, for a sheriff to purchase at his oavu sale, it is equally so for him to act as an agent for another to make the purchase. The danger is equally great, if not greater, in suppressing competition. In the case
 
 Ex parte Bennett,
 
 before referred to, the Chancellor, Lord Eldon, says, “ upon the general rule, both the solicitor and commissioner, (one of AA’hom had acted as an agent for a third
 
 *90
 
 party,) have duties imposed upon them that prevent their buying for themselves. And if that is the general rule, it follows, of
 
 necessity,
 
 that neither of them can be permitted to buy for a third person; for the Court can with as little effect discover whether that was done by making an undue use of the information received in the course of their duty in the one case, as in the other. No Court could institute investigation to that point effectually, in all cases, and therefore, the safest rule is, that a transaction which under circumstances should not be permitted, shall not take effect under the general principle, as, if ever permitted, the inquiry into the truth of the circumstances may fail in a great proportion of cases.” Out up the danger by the roots. Suffer no man occupying a fiduciary station to purchase at his own sale—for himself—or for another. ' To the same point, and equally strong, is the case of
 
 Davoue
 
 v.
 
 Fanning,
 
 2 John, Ch. R. 252, and that of
 
 Jackson
 
 v.
 
 Dalfsen,
 
 5 John. R. 43. Hill on Trustees 536.
 

 Upon reason and authority then, the rule is well established, that a sheriff, or other officer, cannot purchase at his own sale under an execution which he is enforcing as a public officer; nor can he purchase for another.
 

 Upon this exception his Honor instructed the jury “ that the sheriff might properly, at the auction, knock the property off to the defendant, ho having requested him so to do.” In this there is error. It was unlawful for the sheriff to knock the property off to the defendant, and the sheriff’s deed conferred no title on him in the land. Eor the error on this point the judgment is reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam.
 

 Judgment reversed.